13-1672

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

SYNBIAS PHARMA,

Plaintiff-Appellee,

v.

SOLUX CORPORATION,

Defendant-Counterclaimant-Appellant,

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA IN 11-CV-03035-H-BGS
JUDGE MARILYN L. HUFF

APPELLANT SOLUX CORPORATION'S UNOPPOSED MOTION FOR
SECOND EXTENSION OF TIME TO FILE OPENING BRIEF

Richard E. McCarthy [Bar No. 106050]
Mark Angert [Bar No. 238996]
Leah S. Strickland [Bar No. 265724]
SOLOMON WARD SEIDENWURM
 & SMITH, LLP
401 B Street, Suite 1200
San Diego, CA 92101
Tel:  (619) 231-0303

Attorneys for Defendant-Counterclaimant-
Appellant SOLUX CORPORATION

January 16, 2014

## APPELLANT SOLUX CORPORATION'S UNOPPOSED MOTION FOR SECOND EXTENSION OF TIME TO FILE OPENING BRIEF

Pursuant to Federal Rule of Appellate Procedure 26(b) and Federal Circuit Rule 26(b), Appellant Solux Corporation respectfully moves this Court for an order extending the time to file its opening brief to March 24, 2014, which constitutes an extension of sixty (60) days. (Declaration of Richard E. McCarthy in Support of Solux Corporation's Unopposed Motion for Second Extension of Time in Which to File Opening Brief ["McCarthy Decl."] ¶ 3.)

In accordance with Fed. Cir. Rule 31 and this Court's order entered on November 15, 2013, Solux's opening brief is currently due on January 24, 2014. (*Id.* ¶ 3.) Solux previously requested, and was granted, an initial extension. (*Id.* ¶ 4.) Solux has informed all other parties that it will seek this extension. On January 15, 2014, Synbias through its counsel indicated via telephone that it would not oppose the requested second and final extension. (*Id.* ¶ 7.)

Good cause exists for the requested extension. Since the initial extension granted by this Court, the Federal District Court published last week an additional order in connection with cross-motions to tax costs that significantly affects the appeal. The District Court's ruling of January 7, 2014 clarifies its earlier decision, and calls into question the necessity for much, and perhaps all, of the current appeal. In addition, the parties have scheduled mediation for February 12 and 13, 2014 in the hopes of resolving their issues. An additional sixty-day extension for the opening brief would therefore enable counsel to consider the impact of the District Court's recent order as it affects this appeal, and gives the parties an opportunity to render the appeal moot through the scheduled mediation. (*Id.*)

I have exercised, and will continue to exercise, diligence regarding this appeal and will file the brief, if necessary, by the requested due date. (*Id.* ¶ 6.)

For the foregoing reasons, Solux respectfully requests that this motion be granted and that it be allowed until and including March 24, 2014 in which to file its opening brief.

Respectfully submitted,

DATED:  January 16, 2014

SOLOMON WARD SEIDENWURM & SMITH, LLP

By:  /s/ Richard E. McCarthy
RICHARD E. McCARTHY
MARK ANGERT
LEAH S. STRICKLAND
Attorneys for Defendant-Counterclaimant-Appellant SOLUX CORPORATION

## DECLARATION OF RICHARD E. MCCARTHY IN SUPPORT OF APPELLANT'S MOTION FOR AN EXTENSION OF TIME

I, Richard E. McCarthy, declare:

1.      I am an attorney licensed to practice before all courts of the State of California and a partner in Solomon Ward Seidenwurm & Smith, LLP, counsel of record for appellant Solux Corporation ("Solux"). I have personal knowledge of the matters set forth below and, if called to testify to them, could do so competently.

2.      I make this declaration as required by Circuit Rule 26(b)(5) to demonstrate good cause for an extension that exceeds 14 days.

3.      Solux seeks an extension of time until March 24, 2014, within which to file its opening brief. This constitutes a 60-day extension. Solux's opening brief is currently due on January 24, 2014.

4.      Solux previously requested and was granted an extension in this appeal due to the complex issues raised by the District Court's initial ruling. The court's most recent order of January 7, 2014 greatly clarifies the intent and impact of the court's earlier order.

5.      The grounds for this extension are:

        a.      The initial appeal arose from the District Court's initial order which appeared to reach and decide fundamental disputed substantive issues, notwithstanding the court's decision that it lacked subject matter jurisdiction while

ruling on a motion for summary judgment. Last week on January 7, 2014, the District Court ruled on cross-motions to tax costs, and issued a written order denying both motions, finding there to be no prevailing party in the case. A true and correct copy of that order is attached as Exhibit 1. The court's ruling calls into question the necessity for this appeal, and requires careful consideration of its impact on previously identified appellate issues, potentially rendering the appeal moot.

       b.     In addition, the parties have scheduled mediation before retired Federal Magistrate Judge Leo G. Pappas for February 12 and 13, 2014 in San Diego. Given the potential for resolution of the parties' disputes at mediation, a second and final extension would also permit the parties to focus on settlement rather than diverting time and expense toward a potentially unnecessary appeal.

6.     I have exercised, and will continue to exercise, diligence regarding this appeal and will file the brief by the requested due date.

7.     I contacted Kevin Littman, counsel for appellee Synbias Pharma ("Synbias"), regarding this request for a second and final extension. On

///

///

///

///

January 15, 2014, Mr. Littman advised me by telephone that Synbias will not oppose Solux's request.

      I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on January 16, 2014, at San Diego, California.

                                  /s/ Richard E. McCarthy
                                  RICHARD E. MCCARTHY

# EXHIBIT 1

1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   SYNBIAS PHARMA,                          CASE NO. 11-CV-3035-H
                                              (JMA)
12                    Plaintiff/Counterdefendant,
              vs.                             **ORDER DENYING PARTIES'**
13                                            **CROSS MOTIONS TO**
                                              **RETAX COSTS**
14   SOLUX CORPORATION,
                                              [Doc. Nos. 237, 238, 239, &
15                    Defendant/Counterclaimant.   243.]

16

17        On August 30, 2013, the Court dismissed Defendant Solux's counterclaims for

18   lack of standing and dismissed Synbias's complaint for lack of subject matter

19   jurisdiction. (Doc. No. 223). On November 13, 2013, the Clerk of the Court issued an

20   order awarding $7,766.35 in costs to Solux. (Doc. No. 236, Order Taxing Costs, at 1.)

21   On November 20, 2013, Synbias filed a motion to retax costs. (Doc. No. 237.) On the

22   same day, Solux filed a motion to retax costs. (Doc. No. 238.) On November 15, 2013,

23   Solux filed a cross-motion to retax costs in opposition to Synbias's motion pursuant to

24   Civil Local Rule 54.1(h)(2). (Doc. No. 239.) On December 30, 2013, Synbias filed its

25   opposition to Solux's motion. (Doc. No. 242.) On December 31, 2013, Solux filed its

26   opposition to Synbias's motion. (Doc. No. 244.) The Court, pursuant to its discretion

27   under Local Civil Rule 7.1(d)(1), concludes that resolution of the motion does not

28   require oral argument. The Court therefore vacates the scheduled hearing and submits

EXHIBIT 1

1  the motion on the parties' papers.  The Court vacates the award of costs to Solux and

2  denies both parties' motions to retax costs.

3  ## Background

4      This is a patent infringement action involving patents that claim inventions

5  relating to methods of producing anthracycline antibiotics–compounds that are used

6  as first-line chemotherapy drugs for treating a range of cancers.  (Doc. No. 46 ¶4.)

7  Synbias is a Ukranian company that manufactures and produces various active

8  pharmaceutical ingredients, including anthracycline antibiotics.  (Doc. No. 77-7 ¶5.)

9  The patents-in-suit list three Synbias employees as inventors:  Victor Matvienko;

10  Alexey Matvyeyev; and Alexander Zabudkin (collectively "The Synbias Inventors").

11  (Doc. No. 1, Exs. A-C.)  The fourth listed inventor is Aleksandr Itkin ("A. Itkin"), an

12  executive of Solux.  (Id.)

13      On June 16, 2011, Synbias filed a lawsuit in California Superior Court in San

14  Diego County against Solux and two of its executives, Dmitry Itkin ("D. Itkin") and

15  his brother A. Itkin, alleging causes of action for breach of contract, fraud, and breach

16  of fiduciary duty, among others.  (Doc. No. 209-30 ("State Second Amend. Compl."

17  or "State SAC") ¶¶47-59.)  A central issue in the state action is whether Solux owns

18  the patents-in-suit.  The patents-in-suit list Solux as the owner by assignment, (Doc.

19  No. 1, Exs. A-C,) but Synbias alleges that Solux fraudulently induced the Synbias

20  inventors to assign their rights to Solux.  (State SAC ¶¶56-59.)

21      On December 29, 2011, Synbias filed a complaint in this Court seeking a

22  declaratory judgment of non-infringement of the patents-in-suit and a declaratory

23  judgment that the patents-in-suit are invalid and unenforceable.  (Doc. No. 1, Compl.)

24  After the Court denied Solux's motion to dismiss the declaratory judgment claims for

25  lack of jurisdiction on March 26, 2012, Solux filed an answer and asserted

26  infringement counterclaims.  (Doc. Nos. 17, 19.)  On November 7, 2012, Solux filed

27  a motion for partial summary judgment, arguing that Synbias either is estopped under

28  the doctrine of assignor estoppel or lacks standing to assert its declaratory judgment

1   claims that the patents-in-suit are invalid and unenforceable. (Doc. No. 40.)  On

2   January 17, 2013, the Court denied Solux's motion "without prejudice to Solux

3   renewing its motion after the development of a more complete record." (Doc. No. 99

4   at 11.)  The Court also ordered the parties to show cause why the case should not be

5   dismissed for lack of subject matter jurisdiction given Synbias's position that it is at

6   least a co-owner of the patents-in-suit. (Id. at 10 (citing Israel Bio-Engineering Project

7   v. Amgen, Inc., 475 F.3d 1256, 1264 (Fed. Cir. 2007) ("Where one co-owner possesses

8   an undivided part of the entire patent, that joint owner must join all the other co-owners

9   to establish standing.")).)  Synbias filed its summary judgment motion on February 4,

10  2013. (Doc. No. 103.)  On August 30, 2013, the Court dismissed Defendant Solux's

11  counterclaims for lack of standing and dismissed Synbias's complaint for lack of

12  subject matter jurisdiction. (Doc. No. 223.)

13                                  **Discussion**

14  **I.    Legal Standard**

15          Federal Rule of Civil Procedure 54 allows a court to award costs to the

16  prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a

17  court order provides otherwise. Fed. R. Civ. P. 54(d)(1).  For taxing costs under Rule

18  54(d) in patent litigation, the Federal Circuit has outlined a two-part inquiry based on

19  its interpretation of Supreme Court precedent Farrar v. Hobby, 506 U.S. 103, 113 S.

20  Ct. 566 (1992): first, the district court must determine as a threshold matter whether the

21  party seeking costs is the "prevailing party"; second, the court uses its discretion to

22  determine what amount it should award, if any. Manildra v. Ogilvie Mills, 76 F.3d

23  1178, 1183 (Fed. Cir. 1996) (citing Farrar, 113 S. Ct. at 573).  Courts apply Federal

24  Circuit law when undertaking step one, and regional circuit law under step two.

25  Manildra, 76 F.3d at 1182-83.

26          In step one, "determining whether a party is a prevailing party in patent litigation,

27  we apply the general principle that to be a prevailing party, one must receive at least

28  some relief on the merits, which alters . . . the legal relationship of the parties." Inland

1  Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1320 (Fed. Cir. 2004) (internal quotation

2  marks omitted).  Such alteration must also be material and modify the parties' behavior

3  in a way that directly benefits the prevailing party.  Shum v. Intel Corp., 629 F.3d 1360,

4  1368 (Fed. Cir. 2010) (citing Manildra, 76 F.3d at 1182).  Furthermore, a court's

5  determination must be "based on the relation of the litigation result to the overall

6  objective of the litigation, and not on a count of the number of claims and defenses."

7  Brooks Furniture Mfg., Inc. v. Dutailier, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005)

8  (citing Tex. State Teachers Ass'n. v. Garland Independent Sch. Dist., 489 U.S. 782,

9  789 (1989)).  In step two, a district court may refuse to award costs to a prevailing

10 party, but must specify valid reasons for doing so.  Ass'n of Mexican-American

11 Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (presenting a

12 non-exhaustive list of valid reasons for a district court to deny costs).[1]

13 **II. Analysis**

14        Synbias and Solux each claim to be the prevailing party in this action.  (See Doc.

15 Nos. 237, 238.)  "To be a 'prevailing party,' our precedent requires that the party have

16 received at least some relief on the merits."  Shum, 629 F.3d at 1367.  Such relief must

17 be material and modify the parties' behavior in a way that directly benefits the

18 prevailing party.  Id. at 1368.

19        The Court must begin the inquiry by comparing the result of the litigation "to the

20 overall objective of the litigation."  Brooks Furniture, 393 F.3d at 1381.  Synbias's

21 overall objective was to achieve a declaratory judgment of non-infringement of the

22 patents-in-suit and a declaratory judgment that the patents-in-suit are invalid and

23 unenforceable.[2]  (Doc. No. 1, Compl.)  Solux's overall objective was to win on its

24

25        [1]Because the Court determines that neither party was a "prevailing party" within
26 the meaning of Farrar, it does not reach step two.

27        [2]Synbias's memorandum in support of its motion to retax costs states that the
   Court's order dismissing its case "is what Synbias sought in the litigation." (Doc. No.
   237-1 at 7 (emphasis omitted).)  The Court is not persuaded that the party's "overall
28 objective" in filing its declaratory judgment action was to have its declaratory judgment

1  asserted counterclaims for patent infringement. (Doc. No. 19.)  The Court did not
2  award either party what it sought.  The Court ruled that Solux did not have standing to
3  pursue what it sought in federal court, and ruled that the Court lacked jurisdiction to
4  give Synbias what it sought. (Doc. No. 223.)  The record reveals that the essence of
5  the dispute between these parties – whether Solux owns the patents-in-suit, and
6  whether Synbias's claims for breach of contract, fraud, and breach of fiduciary duty are
7  valid – remain pending in state court.  (See Doc. No. 239-1 at 4 ("The issue of
8  [Solux's] ownership was – and still is – being litigated in the Superior Court of
9  California, Case No. 37-2011-00092961-CU-BT-CTL.").)

10         The Court did determine that "[t]he record does not reveal any writing purporting
11  to assign Synbias' ownership rights to the inventors," and that because assignments of
12  patent interests must be in writing under both U.S. and Ukranian law, "Synbias
13  remained at least a co-owner of the patents-in-suit." (Doc. No. 223.)  Synbias argues
14  that this determination altered the parties' legal relationship within the meaning of
15  Farrar.  Federal Circuit law is to the contrary.  In Shum v. Intel Corp., the Federal
16  Circuit construed Farrar in reviewing a district court's final judgment that entitled
17  Plaintiff "to be named as a co-inventor for claims in five of the seven patents-in-suit,"
18  but entitled him to none of the other relief he sought, including monetary damages.
19  Shum, 629 F.3d at 1363.  The Federal Circuit reasoned that, although the Plaintiff's
20  "victory on his co-inventorship claims changes the names appearing on those patents,
21  it has not materially altered the legal relationship among the parties." Id. at 1364.  The
22  Federal Circuit continued, "[T]he question of inventorship was not the 'central issue'
23  in the case . . . . [T]his case was about the money." Id. at 1369.  The Federal Circuit
24  reasoned that only a damage award or "equivalent gain" such as "an injunction,
25  declaration of patent invalidity, or judgment of infringement" would meet the Farrar
26  test. Id.  Accordingly, the Federal Circuit held that a determination of co-ownership,
27  

_____

28  claims dismissed for lack of jurisdiction. See Brooks Furniture, 393 F.3d at 1381.

- 5 -

1  without more, "has not modified defendants' behavior in a way that significantly

2  benefits [Plaintiff] Shum." Id. at 1370. Similarly, the Court's conclusion that Synbias

3  was at least a co-owner of the patents-in-suit, and its dismissal of every other claim

4  presented before it, has not modified either party's behavior in a way that significantly

5  benefits the other. Accordingly, neither is a "prevailing party" within the meaning of

6  Farrar.

### Conclusion

8      Under the unique facts and procedural posture of this case, and in light of Farrar,

9  the Court concludes that there is no prevailing party to this litigation. The Court denies

10  both motions to retax costs and vacates the Clerk's award of costs to Solux. The

11  parties will bear their own costs, expenses, and attorneys' fees associated with the

12  prosecution and defense of this action.

13      **IT IS SO ORDERED**.

14  Dated: January 7, 2014

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Form 9

FORM 9.  Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Synbias Pharma _____ v. Solux Corporation _____

No. 13-1672

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)
Appellant Solux Corporation  certifies the following (use "None" if applicable; use extra sheets if necessary):

1.    The full name of every party or amicus represented by me is:

Solux Corporation

_____

2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Not applicable

_____

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Not applicable

_____

4.  ☑  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Richard E. McCarthy, Leah S. Strickland, Mark Angert, James Sakaguchi, and Neal M. Cohen

_____

January 16, 2014 _____          /s/Richard E. McCarthy _____
Date                                                    Signature of counsel

                                                        Richard E. McCarthy _____
                                                        Printed name of counsel

Please Note: All questions must be answered
cc: _____

124

**FORM 30. Certificate of Service**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

# CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on    1/16/14
by:

     ☐ US mail
     ☐ Fax
     ☐ Hand
     ☒ Electronic Means
       (by email or CM/ECF)

| | |
|---|---|
| Richard E. McCarthy | /s/Richard E. McCarthy |
| Name of Counsel | Signature of Counsel |

Law Firm   Solomon Ward Seidenwurm & Smith, LLP

Address   401 B Street, Suite 1200

City, State, ZIP   San Diego, CA 92101

Telephone Number   (619) 231-0303

FAX Number   (619) 231-4755

E-mail Address   rmccarthy@swsslaw.com

NOTE: For attorneys filing documents electronically, the name of the filer
under whose log-in and password a document is submitted must be preceded
by an "/s/" and typed in the space where the signature would otherwise appear.
Graphic and other electronic signatures are discouraged.


American LegalNet, Inc.
www.FormsWorkFlow.com

*Synbias Pharma v. Solux Corporation*
No. 13-1672
Service List

Matthew B. Lowrie, Esq.
Kevin M. Littman, Esq.
Sven Riethmueller, Esq.
Foley & Lardner, LLP
111 Huntington Ave.
Boston, MA 02111
Tel:    (617) 342-4000
Fax:    (617) 342-4001
mlowrie@foley.com
klittman@foley.com
sreithmueller@foley.com

Attorneys for Appellee
SYNBIAS PHARMA

James Sakaguchi, Esq.
Vista IP Law Group LLP
2040 Main St Ste 710
Irvine, CA 92614
Tel:   (949) 724-1849
Fax:   (949) 625-8955
jks@viplawgroup.com

Co-Counsel for Appellant
SOLUX CORPORATION

P:00817948:74003.005